IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM LARA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-293-B-BN |
| | § | |
| PENHALL COMPANY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Adam Lara filed a *pro se* lawsuit in state court presenting employment-based claims, including under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Americans with Disabilities Act, and Texas law; Defendant Penhall Company removed Lara's lawsuit based on federal question jurisdiction; and another judge in this district recently granted Penhall's motion to dismiss and entered judgment dismissing Lara's lawsuit with prejudice. *See Lara v. Penhall*, No. 3:24-cv-1016-E-BN, 2025 WL 353546 (N.D. Tex. Jan. 6, 2025), *rec. accepted*, 2025 WL 347057 (N.D. Tex. Jan. 30, 2025) ("*Lara I*").

So far, Lara has not noticed an appeal of the judgment in *Lara I*. He instead filed a second *pro se* complaint against Penhall, which is difficult to decipher but does invoke federal antidiscrimination laws. *See* Dkt. No. 1. And, because Lara failed to pay the filing fee, United States District Judge Jane J. Boyle referred the second complaint to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

For the reasons and to the extent set out below, the Court should dismiss this complaint with prejudice.

## Discussion

This is at least Lara's second *pro se* lawsuit advancing employment discrimination claims against Penhall in this district.

And the malicious prong of the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915(e)(2)(B)(i), empowers the Court to dismiss this successive lawsuit, through which Lara attempts a second "bite at the litigation apple," *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more.").

An IFP "action is subject to dismissal as malicious if it repeats virtually identical claims based on a common series of occurrences." *McGee v. Acevedo*, 849 F. App'x 133, 134 (5th Cir. 2021) (per curiam) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989)); *see also Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (per curiam) ("An action is malicious if it 'involve[s] a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit.'" (quoting *Bailey*, 846 F.2d at 1021)); *Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." (citing *Bailey*, 846 F.2d at 1021)).

And "the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of *res judicata*, whether or not the prior litigation has ended unsuccessfully for the plaintiff," *McGill v. Juanita Kraft Postal Serv.*, No. 3:03-cv-1113-K, 2003 WL 21355439, at *1 (N.D. Tex. June 6, 2003), *rec. accepted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003); *see also Dotson v. Atl. Specialty Ins. Co.*, 24 F.4th 999, 1002 (5th Cir. 2022) ("The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." (cleaned up)).

As *McGill* demonstrates, because "the court's power of dismissal in IFP cases under [Section 1915(e)(2)] is broader than in other civil cases under the Federal Rules of Civil Procedure," *Bailey*, 846 F.2d at 1021 (citation omitted), litigation may still be dismissed as malicious under Section 1915(e)(2)(B)(i) where not all the conditions are met for a dismissal under one of the two preclusive doctrines, *compare, e.g.*, *Pittman*, 980 F.2d at 995 ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."); *Bailey*, 846 F.2d at 1021 ("In this case, Bailey's complaint repeats the same factual allegations that he asserted in his earlier case, although he successively sued different defendants…. We perceive no abuse of the district court's discretion in dismissing this case as duplicative of Bailey's prior litigation."), *with Chalmers v. City of Dall.*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) ("In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action;

(2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." (citations omitted)).

Lara's two lawsuits are not a close question. Both involve his employment at Penhall. And, although Lara's pleadings in both cases are confusing, the claims here logically relate to the earlier suit. Moreover, Lara has not alleged factual content to dispel this conclusion (but his opportunity to do so will be through objections to these findings, conclusions, and recommendation, as explained below).

The Court should therefore grant Lara leave to proceed IFP for the purpose of screening. And, unless he presents, through timely objections, facts to show that this action does not count as malicious under the IFP statute, the Court should dismiss this lawsuit with prejudice.

## Recommendation

The Court should grant Plaintiff Adam Lara leave to proceed *in forma pauperis* and dismiss this case with prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: February 6, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE